[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13885
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00076-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLOYD WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 5, 2009)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Floyd Williams, a federal prisoner convicted of a crack cocaine offense,

appeals *pro se* the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on an Amendment to the Sentencing Guidelines that lowered the base offense levels applicable to crack cocaine offenses. On appeal, he argues that the district court erred in finding that it lacked authority to reduce his sentence under § 3582(c)(2).

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003) (citation omitted). However, in the § 3582(c)(2) context, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). We have held that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks and citation omitted).

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

2

§ 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b), a court calculating a defendant's amended guideline range under § 3582(c)(2) "shall substitute only the amendments listed in [§ 1B1.10(c)] for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.2.

Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c). *See* U.S. SENTENCING GUIDELINES MANUAL App. C, amend. 706. Amendment 713 made Amendment 706 retroactive. U.S. SENTENCING GUIDELINES MANUAL App. C, amend. 713.

A reduction in the term of imprisonment is not consistent with the Guidelines policy statement, and therefore not authorized by § 3582(c)(2), if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B). A district court has jurisdiction to reduce a defendant's sentence only if a guideline amendment actually lowers his sentencing range. *See United States v. Jones,* 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam); *United*

3

*States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that a reduction under § 3582(c)(2) is not authorized when Amendment 706 had reduced the defendant's base offense level, but did not change his actual sentence range under the guidelines because he was sentenced as a recidivist under U.S. SENTENCING GUIDELINES MANUAL § 4B1.1). Where a district court lacks jurisdiction to reduce a defendant's sentence because a retroactive amendment does not reduce his guideline range, *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), does not constitute an independent jurisdictional basis for the court to reduce the defendant's sentence under § 3582(c)(2). *Jones*, 548 F.3d at 1369.

Here, Amendment 706 does not have the effect of lowering Williams' applicable guideline range. Williams' original base offense level under U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 was 38, and the application of Amendment 706 would reduce his base offense level to 36. *See* U.S. SENTENCING GUIDELINES MANUAL App. C, amend. 706. Because a district court must leave all original sentencing decisions not affected by a retroactive guideline amendment undisturbed, Williams' base offense level would be increased by four points for possession of a dangerous weapon and his role in the offense, yielding an amended total offense level of 40. *See United States v. Vautier*, 144 F.3d 756, 759-60 (11th Cir. 1998). Based on an amended total offense level of 40 and a criminal history

category of VI, Williams' amended guideline range would be the same as his original guideline range– 360 months to life imprisonment. Accordingly, Amendment 706 does not have the effect of reducing Williams' guideline range. Therefore, the district court did not err in finding that Williams was not eligible for a sentence reduction under § 3582(c)(2).

CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**